Michele Haydel Gehrke (SBN 215647)
Email:     mgehrke@reedsmith.com
Kourosh Jahansouz (SBN 292559)
Email:     kjahansouz@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile:  +1 415 391 8269

Attorneys for Defendant
UNITED AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAZ ADAMS, an individual<br><br>               Plaintiff,<br><br>    vs.<br><br>UNITED AIRLINES, INC., and DOES 1-25, inclusive,<br><br>               Defendants. | Case No.:<br><br>**DEFENDANT UNITED AIRLINES INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>San Francisco County Superior Court<br>Case No.: CGC-20-588015<br>State Action Filed:   November 25, 2020 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, THE CLERK OF COURT, AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. ("Defendant" or "United") hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Chaz Adams ("Plaintiff"), and filed with the Clerk of the California Superior Court for the County of San Francisco, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. Plaintiff commenced this action against United on November 25, 2020 in the Superior Court for the County of San Francisco, in the case captioned, *Adams v. United Airlines, Inc. et al.*, Case No. CGC-20-588015 (the "State Court Action").[1]  *See* Declaration of Michele Haydel Gehrke ("Gehrke Decl.") at ¶ 2.

2. In the State Court Action, Plaintiff alleged nine state law claims against United: (1) retaliation for exercising FEHA rights; (2) failure to prevent discrimination; (3) violation of the California Family Rights Act ("CFRA"); (4) retaliation for taking CFRA leave; (5) violation of Labor Code sections 201, 202, 203; (6) violation of Labor Code sections 226, 1174; (7) failure to provide lunch breaks; (8) failure to pay overtime; and (9) wrongful termination.  *See generally* Complaint ("Complaint" or "Compl.").  Gehrke Decl., ¶ 2.

3. Plaintiff served United in this action on April 21, 2021.  Gehrke Decl., ¶ 2.  To date, however, United has not filed an Answer to the FAC in the State Court Action.  Gehrke Decl., ¶ 4.  On May 20, 2021, Defendant timely removed the State Court Action to this Court.  Gehrke Decl., ¶ 4.  A copy of the Complaint in the State Court Action is attached to the Gehrke Declaration as **Exhibit A**

---

[1] Originally, the Complaint erroneously listed United Airlines Holdings, Inc. as the defendant in this action.  Plaintiff, however, later remedied this error to list United Airlines, Inc. as the defendant.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and constitutes all processes, pleadings, and orders purported to be filed or served on Defendant in this action. Gehrke Decl., ¶ 6.

4. A copy of the Notice to State Court of Removal to Federal Court is attached (without exhibits) to the Gehrke Declaration at ¶ 6, **Exhibit B**.

## NO JOINDER NECESSARY

5. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASES FOR REMOVAL

6. This Court has original jurisdiction under 28 U.S.C. § 1332 and United may remove the State Court Action from state court to federal court pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) between citizens of different states.

## DIVERSITY JURISDICTION

7. "[F]ederal removal jurisdiction on the basis of diversity … is determined … as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

8. Courts disregard fictitious "DOE" when evaluating diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal."). Additionally, the FAC does not set forth the identity or status of any said fictitious defendants, nor any charging allegation against any fictitious defendants.

### The Parties Are Diverse

9. As set forth below, complete diversity of citizenship exists here because the Plaintiff and United are citizens of different states.

### Plaintiff's Citizenship

10. Plaintiff alleges he is an individual who at all times mentioned in the Complaint was a resident of the San Francisco, California. *See* Compl., ¶ 3.

11. A natural person's citizenship is determined by his state of domicile. *Kantor v. Warner-*

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lopez v. Nationstar Mortgage LLC*, 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015) ("In the absence of evidence to the contrary, a party will be treated as a citizen of its state of residence for federal diversity purposes."). Consequently, Plaintiff is domiciled in California.

### United's Citizenship

12. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." United is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois under the "nerve center" test. Compl., ¶ 4; Karpierz Decl., ¶ 2; *see also Hertz Corp. v. Friend*, 130 U.S. 1181, 1192 (2010).

### Amount in Controversy Exceeds $75,000

13. Plaintiff originally began his employed with United on or about April 1, 2009 as a Crew Scheduler. Compl., ¶ 11. United later promoted him to an Operations Supervisor position, which he held through termination. *Id.*, ¶ 12; Karpierz Decl., ¶ 3. Plaintiff's termination at United was effective on or about March 26, 2020. Compl., ¶ 73; Karpierz Decl., ¶ 3. At the time of termination, Plaintiff earned an annual salary of approximately $71,504.72, which equates to $34.37 per hour. Karpierz Decl., ¶ 4.

14. Now, Plaintiff brings nine state court causes of action, most of which center around Plaintiff's wrongful termination. *See generally* Compl., ¶¶ 75-107, 127-134. The other causes of action involve several wage and hour violations, including waiting time violations under Labor Code sections 201, 202, and 203, penalties for failing to provide and maintain inaccurate wage statements under Labor Code sections 226 and 1174, meal and rest break penalties under Labor Code sections 226.7 and 512, and a related overtime claim under Labor Code section 510. *See generally* Compl., ¶¶ 108-126.

15. Plaintiff's Complaint seeks, amongst other relief, general, special, actual, compensatory and/or nominal damages, back pay, future pay, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest. *See* Compl. at p. 24. Courts include each of these categories of damages in evaluating the amount in controversy. *See, e.g., Kroske v. US Bank Corp.*,

432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."); *Ramirez v. Little Caesars Enterprises, Inc.*, 2018 WL 5816107, *10 (C.D. Cal. Nov. 2, 2018)(court includes benefits in evaluating amount in controversy).

<u>Compensatory Damages</u>

16. When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on all of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) ("a court must assume . . . a jury will return a verdict for the plaintiff on all claims made in the complaint"). Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submission." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 81 (2014).

17. In evaluating the amount in controversy where a plaintiff seeks unpaid wages, courts consider past and "future wages … whatever the likelihood that she will actually recover them." *Tipton v. Airport Terminal Servs.*, 2019 WL 185687, *9 (C.D. Cal. Jan. 14, 2019); *Woods v. Hertz Corp.*, 2018 U.S. Dist. LEXIS 43759 (C.D. Cal. March 15, 2018) (holding that defendant's burden in establishing the minimum amount in controversy was met by alleging $22,272 in lost wages, coupled with plaintiff's emotional distress and punitive damage claims). In evaluating the appropriate period of time for calculating back wages, "sixteen months from the date of removal is [] appropriate[.]" *Tipton*, 2019 WL 185687, *8; *see also Fisher v. HNTB Corp.*, 2018 WL 6323077, *5 (C.D. Cal. Dec. 3, 2018) ("Defendants' proposed date of trial for purposes of [removal] – one year from the date of removal – is a conservative estimate of the trial date."). Here, the Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. In 2017, when Plaintiff worked most of the year, he earned $72,127.31 in reportable

W-2 wages (Box 1 on the W-2 Form, "Wages, tips, other comp."). *See* Karpierz Decl., ¶ 4. In 2018, when Plaintiff worked all or most of the year, he earned $96,221.17 in reportable W-2 wages. *Id.* In 2019, a year Plaintiff took some time off work, he earned $75.230.54. *Id.*

19. Had Plaintiff not separated from his position, United estimates he would have earned at least a comparable amount in 2021 that he earned in 2018, not accounting for regular pay increases Plaintiff may have been eligible to receive. *Id.* Therefore, Plaintiff's purported past economic damages alone satisfy the amount in controversy requirement. Plaintiff also received dental insurance, medical insurance, a 401(k) plan, profit sharing, days and other benefits not included in this figure. *Id.* at ¶ 5.

20. Plaintiff also seeks future lost wages ("front pay"), which in California can span several years. *See e.g. Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached which was four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d. 695, 705 (1972) (ten years). Given Plaintiff's historic income, front pay in this case would be at least $75,000 per year.

<u>Meal Breaks, Rest Breaks, Waiting Time Penalties, and Itemized Wage Statements</u>

21. An employee may recover two premiums each workday – one for a missed meal period and another for a missed rest period. *UPS v. Superior Court,* 196 Cal. App. 4th 25 57, 69 (2011).

22. Where, as here, the complaint contains general allegations regarding the number of violations, the removing party may assume a 100 percent violation rate to determine the amount in controversy. *See, e.g., Mortley v. Express Pipe & Supply Co.*, 2018 WL 708115, *5 (C.D. Cal. Feb. 5, 2018); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, *3 (C.D. Cal. Apr. 22, 2014) (assuming maximum violation rate to determine amount in controversy); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking the complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate.").

23. Using conservative inferences from Plaintiff's allegations, the amount in controversy on Plaintiff's meal and rest break claims is at least $53,617.20.[2]

---

[2] This assumes Plaintiff worked 5 days and had 10 violations per week for three years: 10 violations x $34.37 hourly rate x 52 weeks x 3 years = $53,617.20.

24. Plaintiff seeks penalties for United's alleged non-compliant itemized wage statements. Compl. ¶¶ 111-116; Cal. Lab. Code § 226. Plaintiff alleges that United "knowingly failed to comply with California Labor Code §§ 226 and 1174 by, among other things, failing to provide accurate itemized wage statements in writing showing all applicable rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff; (b) failing to show the dates of labor for which payments are or were being made; (c) failing to provide complete and/or accurate information concerning deductions that are or have been taken from Plaintiff's wages." Compl., ¶ 113.

25. An employee can recover $50 for the initial pay period and $100 for each subsequent pay period in which he receives a non-compliant itemized wage statement, up to a cap of $4,000. Cal. Lab. Code § 226(e).

26. United paid Plaintiff on a semi-monthly basis. Karpierz Decl., ¶ 4. Thus, Plaintiff would have received 26 wage statements per year.

27. Conservatively estimating that Plaintiff's wage statement claims are attributable to only 26 wage statements (because of the one-year statute of limitations for this claim), the amount in controversy on this claim alone is approximately $2,550.[3]

28. Pursuant to Labor Code sections 201, 202, and 203, Plaintiff seeks 30 days of pay as a waiting time penalty for United's alleged failure to pay all wages owed at termination. Compl. ¶¶ 108-110; Lab. Code §§ 201-203.

29. Plaintiff alleges he was a full-time employee and he was expected to work at least 8 hours per day. Compl. ¶ 8; Karpierz Decl. ¶ 3. Thus, using conservative assumptions, the amount in controversy on Plaintiff's waiting time penalties claim is at least $8,248.80.[4]

30. In addition, Plaintiff alleges that he is owed overtime "as a result of Defendant's violation of statutory mandates to pay employees for statutory wage requirements." Compl., ¶ 125. Although Plaintiff does not elaborate what specifically he bases his overtime claim on, United assumes that this claim is directly connected to his meal and rest break violation claim. Consequently, assuming

---

[3] ($50 initial penalty x 1 wage statement) + ($100 subsequent penalty x 25 wage statements) = $2,550.
[4] $34.37 (hourly rate) x 8 hours x 30 days = $8,248.80.

conservatively that each meal and rest break violation would have likewise led to one additional hour of overtime, Plaintiff's overtime claim alone may be at least $4,021.29.[5]

31.  Defendant denies that wage and hour damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed wage and hour damages should be considered.

### Emotional Distress

32.  Plaintiff further seeks to recover emotional distress damages. Compl., ¶¶ 74, 79, 89, 98, 105, 131. Emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases. . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See e.g. Ramirez v. Little Caesars Enterprises, Inc.*, 2018 WL 5816107, *11 (C.D. Cal. Nov. 2, 2018) ("emotional distress damages ranged from $500,000 to $2.5 million"). United denies that emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

### Punitive Damages

33.  The Complaint also seeks punitive damages. *See* Compl., ¶ 80, 91, 99, 106, 133, Prayer for Relief. Punitive damages are considered part of the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 ("[t]he amount in controversy may include punitive damages when they are recoverable as a matter of law"). "Punitive damages are available under FEHA." *Id.* Defendant denies that punitive damages should be awarded here; however, for purposes of the amount in controversy requirement, claimed punitive damages should be considered.

### Attorneys' Fees

34.  The Complaint also seeks an award of attorneys' fees. *See* Compl., Prayer for Relief. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA." *Id.* At least one California

---

[5] Assumes $34.37 hourly rate x 1.5 overtime rate x 26 weeks x 3 years = $4,021.29.

1  District Court "determined that an appropriate and conservative estimate for attorneys' fees in
2  employment cases in this district may reasonably be expected to equal at least $30,000." *Ramirez*,
3  2018 WL 5816107, *10 ("includ[ing] $30,000 of attorneys' fees in the amount in controversy").
4  Defendants deny that any attorneys' fees should be awarded here; however, for purposes of the amount
5  in controversy requirement, claimed attorneys' fees should be considered.

6       35.    While Defendant denies any liability in connection with Plaintiff's claims, because
7  diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original
8  jurisdiction of the action pursuant to 28 U.S.C. §1332(a). Gehrke Decl., ¶ 5. *See Woods*, 2018 U.S.
9  Dist. LEXIS 43759, *8-11. (holding that defendant's burden in establishing the minimum amount in
10 controversy was met by alleging $22,272 in lost wages, coupled with plaintiff's emotional distress and
11 punitive damage claims).

**VENUE**

13      36.    The State Court Action is being removed from the Superior Court of the State of
14 California, County of San Francisco. *See generally* Compl. As such, venue lies in the Northern
15 District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a) as the judicial district embracing the
16 place where the State Court Action was brought and is pending.

**TIMELINESS OF REMOVAL**

18      37.    This Notice of Removal is timely because Defendants have removed within 30 days of
19 service. 28 U.S.C. § 1446(b).

**CONCLUSION**

21     WHEREFORE, Defendants give notice that the State Court Action pending against it in the
22 Superior Court of the State of California for the County of San Francisco is removed to this Court.

23     DATED: May 20, 2021

                                         REED SMITH LLP

                                         By:   /s/ Michele Haydel Gehrke
                                                Michele Haydel Gehrke
                                                Kourosh Jahansouz
                                                Attorneys for Defendant
                                                UNITED AIRLINES, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware